## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAZARIY LESIV, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | Magistrate Judge: |
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | |
| D/B/A CANADIAN NATIONAL RAILWAY, ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Nazariy Lesiv ("Plaintiff"), by and through his undersigned attorneys, and for his Complaint at Law against Defendant Illinois Central Railroad Company d/b/a Canadian National Railway, states as follows:

## NATURE OF THE CASE

1. Count I arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, as amended, and the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.* ("the IHRA" or "the Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in the Northern District of Illinois, Eastern Division is proper as the claim for relief arose in Harvey, Cook County, Illinois.

4. All conditions precedent have been fulfilled by Plaintiff, including the filing of charges of retaliation against Defendant with the Equal Employment Opportunity Commission

1

("EEOC") and the Illinois Department of Human Rights ("IDHR"). Charge Number 2019CF1539 is attached and incorporated herein as Exhibit A.

5. Plaintiff has received the requisite Notice of Dismissal from the IDHR corresponding to Charge No. 2019CF1539, thus entitling him to bring this action in court. The Notice of Dismissal for Charge No. 2019CF1539 is attached hereto and incorporated herein as Exhibit B.

6. Plaintiff has also received the requisite Notice of Right to Sue from the EEOC corresponding to Charge No. 21B-2019-00807, thus entitling him to bring this action in the Federal Court for the Northern District of Illinois. The Notice of Right to Sue for Charge No. 21B-2019-00807 is attached hereto and incorporated herein as Exhibit C.

**PARTIES**

7. At all relevant times, Plaintiff was, and is, a resident of the State of Indiana.

8. At all relevant times, Illinois Central Railroad Company d/b/a Canadian National Railway ("Canadian National") was, and is, an organization duly registered to conduct business in the State of Illinois with its principal place of business located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, and having substantial business operations in Cook County, Illinois.

9. At all relevant times, Canadian National was an "employer" within the meaning of Section 2-101(B) of the Illinois Human Rights Act, and as such, was subject to the provisions of the Act.

**GENERAL ALLEGATIONS**

10. Plaintiff incorporates the preceding paragraphs herein.

11. That Plaintiff began his employment with Canadian National on or about July 19, 2010 as an Apprentice.

12. That throughout his employment with Canadian National beginning on or about July 19, 2010, Plaintiff performed his assigned duties in a satisfactory manner, consistent with Defendant Canadian National's standards, and his job performance met Canadian National's legitimate expectations.

### COUNT I – RETALIATION

13. Plaintiff incorporates the preceding paragraphs herein.

14. That Defendant retaliated against Plaintiff, in violation of his rights pursuant to the IHRA.

15. That in 2018, Plaintiff was employed by Canadian National as a Carman.

16. That Plaintiff was supervised by Daniel Duggan ("Duggan"), General Mechanical Supervisor; Anthony Grayer ("Grayer"), Supervisor; and Armando Cisneros ("Cisneros"), Relief Supervisor.

17. That Duggan has had supervisory authority over Plaintiff from April 2018 through the present. Cisneros had supervisor authority over Plaintiff from April 2018 until approximately October of 2019. Grayer had supervisor authority over Plaintiff from April 2018 until approximately September of 2018.

18. That Duggan and Grayerwere both involved in Lyubomir's case against Defendant as witnesses or accused individuals. Duggan and Grayer's supervisor, Daniel McCarthy, was aware of Lyubomir's case against Defendant.

19. That Plaintiff's job performance met Canadian National's legitimate expectations.

20. That from approximately July 2018 and continuing through August 2018, Plaintiff was subjected to retaliation by employees of Canadian National Railway.

3

21. That on January 15, 2016, Plaintiff's brother, Lyubomir Lesiv, filed a Charge of Discrimination against Defendant with the Illinois Department of Human Rights. In his Charge, Lyobomir alleged that Defendant discriminated against him based upon his national origin and perceived sexual harassment and retaliated against him for raising complaints about the discriminatory treatment. A true and correct copy of Lyobomir's charge of discrimination is attached hereto as Exhibit D.

22. That on July 21, 2017, Lyobomir filed his Complaint at Law, Case Number 2017-L-007400, against Defendant in the Circuit Court of Cook County. In his Complaint at Law, Lyobomir brought claims for, *inter alia*, the following violations of the IHRA: (1) national origin harassment; (2) national origin discrimination; (3) sexual orientation harassment; (4) race harassment; (5) race discrimination; and (6) retaliation.

23. That on approximately April 18, 2018, Plaintiff testified as a witness in Lyubomir's case against their employer, Defendant.

24. That Plaintiff's testimony on his brother's behalf was a protected activity under the Act.

25. That on approximately July 6, 2018, Plaintiff and his partner were assigned to work on seven (7) tracks during their shift.

26. That while working, Plaintiff and his partner realized that they would not be able to finish the assigned work without help from other carmen due to the high volume of work and high traffic on the tracks.

27. That Plaintiff contacted the supervisor on duty, Cisneros, and informed him that they needed assistance to finish the assigned tracks.

28. That in response, Cisneros informed Plaintiff that he would pass the information onto Grayer, the supervisor who would be relieving him.

29. That at the end of his shift, Plaintiff and his partner informed Grayer that they were only able to complete five (5) out of the seven (7) tracks assigned to them because no additional carmen were dispatched to assist them.

30. That after Plaintiff spoke with Grayer, Grayer followed Plaintiff into the office and yelled that they needed to speak "man to man."

31. That Grayer proceeded to poke Plaintiff in the chest with his fingers twice, while confronting Plaintiff about the two (2) unfinished tracks.

32. That on the following day, approximately July 7, 2018, Plaintiff returned to work and upon his arrival, Cisneros instructed him to work on the repair in place track ("RIP track") by himself.

33. That a RIP track is a designated track or tracks in a rail yard where railroad cars can be placed for heavy load repairs, without removing the units from service, and sometimes without even removing a freight load from the car.

34. That when a railroad car needs a repair, there needs to be at least two carman on the RIP track at all times since one carman needs to operate the car mover machine, while another carman directs the movements of the carman operating the car mover machine.

35. That when Cisneros instructed Plaintiff to work on the RIP track by himself, Plaintiff was taken aback because no one is supposed to work on the RIP track alone as it is very unsafe.

36. That when Plaintiff asked who made the decision that he should work on the RIP track by himself, Cisneros said that it was Grayer.

5

37. That Plaintiff responded to Cisneros that he would not do the job on his own, but that he would work on other tracks instead.

38. That after Plaintiff refused to work on the RIP track by himself, Cisneros called Plaintiff to the office to speak alone with General Supervisor Daniel Duggan by phone.

39. That during this phone conversation, Plaintiff informed Duggan that he received instructions to work on the RIP track by himself, which he would not do because it was very unsafe. Plaintiff also informed Duggan that Grayer poked and yelled at him the previous night.

40. That Duggan agreed that it was unsafe for Plaintiff to perform his assigned task on the RIP track alone, and that Duggan asked Plaintiff to write a statement explaining the incident with Grayer from the night before.

41. That after Plaintiff finished writing his statement, Duggan removed Plaintiff from service for being "insubordinate" and sent Plaintiff home.

42. That Plaintiff was then suspended for two days before McCarthy eventually notified Plaintiff that he was cleared to return to work on July 11, 2018.

43. That when Plaintiff received the call from McCarthy, he called Human Resources and asked if he could return to work.

44. That Plaintiff was informed by Angela Lee ("Lee") in Human Resources that since there was no investigation opened, that he was able to return to work.

45. That Plaintiff worked for approximately two weeks before he was called into the office to speak with Dan McCarthy.

46. That during their meeting, McCarthy instructed Plaintiff to sign a Notice of Investigation stating that he was under investigation and that he was suspended for insubordination.

47. That Plaintiff did not sign the Notice of Investigation presented to him and signed a postponement notice outlining that he had not signed the initial letter.

48. That following the notices, Plaintiff was informed, by a letter dated July 24, 2018, that there was going to be an investigation into the July 7, 2018 incident in question, which would conclude with a hearing.

49. That Plaintiff was informed, by another letter on July 25, 2018, that the investigation was scheduled to conclude on July 28, 2018, but the hearing was postponed until August 7, 2018.

50. That during the hearing Plaintiff had two witnesses, Sylvester Lesiv and Paul Barwan ("Barwan"), testify on his behalf about the incident in question.

51. That Bryan Thompson, Hearing Officer, presided over the investigation.

52. That at the conclusion of the hearing, Paul Bomba, Union Representative, informed Plaintiff that a decision was required to be submitted within twenty-two (22) days of the hearing's conclusion, pursuant to his union contract.

53. That Defendant assigned Plaintiff to complete unsafe tasks to retaliate against him for Lyubomir's claims against Defendant.

54. That Defendant retaliated against Plaintiff due to his close familial relationship with Lyubomir.

55. That Defendant assigned Plaintiff to complete unsafe work tasks to retaliate against him for testifying as a witness in his brother's case.

56. That as Lyubomir's brother, Plaintiff was so closely related to Lyubomir that Defendant's actions raise a strong inference of retaliation against Plaintiff purely based on his close familial relation to Lyubomir.

57. That due to their relationship, Plaintiff falls within the same zone of interest as Lyubomir and has the same right to be free from retaliation by Defendant.

58. That at all relevant times herein, Cisneros, Grayer, Duggan, Thompson, and McCarthy were aware of Lyubomir's Charge of Discrimination and lawsuit against Defendant.

59. That at the time Plaintiff was assigned to work the RIP track alone on July 7, 2018, Cisneros, Grayer, Duggan, Thompson, and McCarthy knew that Plaintiff testified as a witness in Lyubomir's case.

60. That at the time Plaintiff was suspended for insubordination on July 7, 2018, Cisneros, Grayer, Duggan, Thompson, and McCarthy knew that Plaintiff testified as a witness in Lyubomir's case.

61. That the subsequent August 2018 investigation and hearing for insubordination was further retaliation against Plaintiff.

62. That at the time that the August 2018 investigation and hearing for insubordination took place, Cisneros, Grayer, Duggan, Thompson and McCarthy knew that Plaintiff testified as a witness in Lyubomir's case.

63. That Defendant's retaliatory acts and Plaintiff's testimony in his brother's case against Defendant occurred within such a short period of time so as to raise a strong inference of retaliatory motive.

64. That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and that Defendant was recklessly and callously indifferent to Plaintiff's protected rights under the IHRA.

65. That Defendant's conduct amounts to retaliation in violation of the Act.

66. That the assignments to complete unsafe work tasks and the investigation and hearing for insubordination demonstrate a motivation by evil motive and intent, which caused Plaintiff harm by hindering his opportunities to work tracks, interfering with his financial livelihood, damaging his reputation among Canadian National employees, and by causing Plaintiff severe anxiety and concern for his earning capacity and spotless record with Defendant.

67. That as a direct and proximate result of said acts of retaliation, Plaintiff has suffered depression, extreme mental anguish, severe anxiety about his future and ability to support himself, harm to his record and future with Defendant, shameful embarrassment among his friends, colleagues and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Nazariy Lesiv, hereby requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.
b. Order a permanent injunction prohibiting Defendant from further acts of retaliation.
c. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
d. Award Plaintiff a judgment against Defendant in an amount in excess of $50,000, including an award of lost employment benefits, mental anguish, punitive damages, and other compensatory damages.
e. Award Plaintiff pre-judgment interest.
f. Enter an order requiring Defendant to implement effective steps to eliminate retaliation from Defendant's organization.
g. Award Plaintiff a judgment against Defendant for all available damages permitted by law.
h. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,
Nazariy Lesiv

/s/ Renee C. Fell
One of his attorneys

9

Uche O. Asonye – 6209522
Renee C. Fell – 6312785
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uasonye@aa-law.com
rfell@aa-law.com